**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

April 19, 2007

J. Barry Cocoziello
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman PC
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5497

    (*Attorney for Plaintiff*)

Christopher R. Carton, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652

    (*Attorney for Defendant*)

    Re:    *Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc.*
            Civil Action No. 06-1684 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. R. 56. Oral arguments were held on April 5, 2007. For the reasons set forth below, Defendant's motion is **DENIED** at this time.

**I.    BACKGROUND**

    Plaintiff Consult Urban Renewal Development Corporation was the construction manager for a housing complex for low-income seniors in New Jersey (the "Project"). (Cocoziello Decl. 1.) In connection with the Project, Plaintiff entered into a contract with DeLuxe Building Systems ("DeLuxe") in 1998, whereby DeLuxe agreed to manufacture, deliver, and install modular prefabricated buildings for the Project (the "Project Contract"). (*Id*.) In New Jersey, modular building units manufactured outside of the state, but erected within the state, are subject

to certain regulations including inspection and labeling by an approved third-party inspecting agency. *See generally* N.J.A.C § 5.23-4A-10. As DeLuxe is a Pennsylvania corporation with its manufacturing plant located in Pennsylvania, the Project Contract specified that DeLuxe would maintain a relationship with an independent third-party inspecting agency in accordance with applicable law. (Cocoziello Decl. Ex. A.)

To fulfill its inspection obligations under the Project Contract, DeLuxe engaged Defendant T.R. Arnold & Associates, an Indiana corporation, to perform inspection services pursuant to a pre-existing contract. (Def.'s Br. 3-4; Tanger Certification 1-2; Pl.'s Br. 3-4.) In 1980, Defendant had contracted with DeLuxe to be retained as a third-party inspecting agency so that DeLuxe could fulfill statutory and regulatory requirements for the sale and distribution of modular building units (the "Inspection Contract"). (Def.'s Br. 3; Wapner Decl. Ex. A.) Pursuant to this retention agreement, Defendant performed various review services for DeLuxe over the years, including the inspection and labeling of the Project units. (Def.'s Br. 3; Cocoziello Decl. Ex.B.)

After delivery of the prefabricated modular units to the Project site, Plaintiff informed DeLuxe that the units were not acceptable, because they did not conform to Plaintiff's specifications and had suffered water damage. (Def.'s Br. 3-4.) DeLuxe refused to replace or repair the units. (*Id*.) Plaintiff and DeLuxe took their dispute to an arbitration panel. (*Id*.) The panel awarded both Plaintiff and DeLuxe damages, but determined that there was no prevailing party within the meaning of the Project Contract. (Cocoziello Decl. Ex. D.) On February 22, 2006, Plaintiff filed this suit against Defendant in New Jersey state court. (Compl. 7.) Defendant timely removed the case based upon diversity jurisdiction, and Defendant's motion for summary judgment is now before the Court.

## II.     DISCUSSION

The complaint states two claims against Defendant: (1) breach of contract under a third-party beneficiary theory, and (2) negligence. (Compl. 7-8.) In its summary judgment motion, Defendant argues that: (1) Plaintiff is not an intended third-party beneficiary; (2) even if the Court determines that Plaintiff is an intended third-party beneficiary, the Inspection Contract's indemnity clause bars this action; and (3) Plaintiff's negligence claim is barred, because Plaintiff failed to file an Affidavit of Merit as required under New Jersey law. (Def.'s Br. 1-2; Def.'s Reply Br. 2.) These arguments are addressed below.

### A.     Summary Judgment Standard

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c).  The burden of showing that no genuine issue of material fact exists rests initially on the moving party.  *Celotex*, 477 U.S. at 323.  A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case."  *Id.* at 325.  In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The substantive law determines which facts are material.  *Id.* at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.*  No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's favor.  *Id.* at 249.

### B. Applicable State Law

As an initial matter, the Court must determine which state's substantive law applies.  Both parties agree that either New Jersey or Pennsylvania law governs.  (Def.'s Reply Br. 3; Pl.'s Br. 14.)  As there are slight but perceptible differences between the states in determining third-party beneficiary status,[1] a "flexible governmental interest analysis" must be undertaken to determine the applicable state law.  *See Erny v. Merola*, 171 N.J. 86 (2002).  As the purpose of the Inspection Contract was to comply with New Jersey law, New Jersey's governmental interest in the safe construction of buildings within its jurisdiction trumps other states' interest in assuring that their residents are adequately compensated.  *See Woessner v. Air Liquide Inc.*, 242 F.3d 469, 473-474 (3d Cir. 2001).  Therefore, New Jersey law is the appropriate governing law.

### C. Breach of Contract Claim
#### 1. Third-Party Beneficiary

In New Jersey, the intent of the contracting parties is the critical issue in determining whether a third party is a beneficiary with contractual standing.  *See Broadway Maintenance Corp. v. Rutgers*, 90 N.J. 253, 259-60 (1982).  If there is no intent to recognize a right to performance in the third party, it is merely an incidental beneficiary with no contractual standing.  *Id.* at 259.  The parties may expressly contract to include or exclude any potential third-party beneficiaries.  *Id.* at 260.

In this case, the Inspection Contract does not expressly exclude third-party beneficiaries.  It simply provides:

---

[1] As New Jersey and Pennsylvania have similar Affidavit of Merit requirements for professional malpractice and negligence cases, the Court need not address choice of law for this issue.

> Arnold agrees to review designs, manufacturing processes and units designed by Manufacturer, from time to time by mutual agreement, . . .. The review services by Arnold are performed solely for the purpose of obtaining permission to sell and deliver such units in the United States and into specified states, and are not to be relied upon by Manufacturer or any other person, firm, or corporation, for any other purpose.

The plain language of the contract limits the scope of Defendant's review services. DeLuxe and other parties may rely on Defendant's services but only so long as such reliance is limited to the purpose of obtaining permission to sell and deliver units in certain states. This limitation in scope is not to be confused with a limitation on who may benefit from or may rely on Defendant's services. Thus, the Court declines Defendant's invitation to view such language, without more, as clearly excluding third-party beneficiaries. (Def.'s Br. 12.)

As the contract is silent on the exclusion of third-party beneficiaries, the Court must "examine the pertinent provisions in the agreement and the surrounding circumstances to ascertain that intent." *Id*. at 260. In support of its summary judgment motion, Defendant argues that two circumstances surrounding the contract evidence the intent of the parties to exclude third-party beneficiaries: (1) Plaintiff is not named in the contract, and (2) the Inspection Contract was entered into 18 years before the Project Contract.

Neither circumstance sufficiently evidences an express intent to exclude third-party beneficiaries. Although the fact that a third party is named in the contract may be evidence of the intention of the parties, the failure to identify a third party by name is not necessarily evidence of exclusion. *See Broadway*, 90 N.J. at 259-60 ("the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention"). Additionally, Defendant's argument that the time gap between the two contracts evidences an intent to exclude third-party beneficiaries is also unpersuasive. The Inspection Contract was a retention agreement that would be incorporated into any future "agreements, oral or written, express or implied" for services provided by Defendant. This particular arrangement allowed DeLuxe to engage Defendant's inspection services without entering into formal separate contracts for each new project undertaken by DeLuxe. The Inspection Contract, although preceding the Project Contract by 18 years, was the platform for engaging Defendant's inspection services in order to fulfill the requirements of the Project Contract. As such, the significant lapse of time between the Inspection Contract and the Project Contract is of no consequence in determining whether the parties contemplated that customers, like Plaintiff, should benefit from the contract. Thus, Defendant has not properly supported its contention that the circumstances surrounding the Inspection Contract evidence an intent to exclude third-party beneficiaries.[2]

---

[2] The Court notes that no affidavits from either Defendant or DeLuxe have been submitted stating that the Inspection Contract was not intended to benefit third parties.

Simply stated, it is the intent of the contracting parties that establishes the existence or non-existence of third-party beneficiaries.  Defendant was to provide inspection services "to determine whether said units comply with applicable statutory and regulatory standards" for the purpose of "obtaining permission to sell and deliver such units in the United States and into specified states."  Such standards for third-party inspections are required by New Jersey before the sale and delivery of prefabricated modular units in order to protect New Jersey consumers.  In viewing the evidence most favorably for the non-moving party, the language of the Inspection Contract interpreted in light of these regulations supports Plaintiff's contention that as a consumer of prefabricated modular units, it is a member of a class of third-party beneficiaries contemplated under the Inspection Contract.  As there are material facts still in dispute regarding the intent of the parties, summary judgment at this stage is premature and will be denied.

### 2. Indemnity

Defendant argues that the indemnity clause in the Inspection Contract unambiguously bars Plaintiff's suit.[3]  (Def.'s Br. 13-14.)   The Court finds Defendant's argument unpersuasive.  The indemnity clause states: "[DeLuxe] agrees to indemnify and hold Arnold harmless from any and all claims for damages or injuries arising from or related to said units . . . as a material condition to review functions being performed by Arnold."  (Wapner Decl. Ex. A.)  Although a third-party beneficiary's rights are determined by the terms of the agreement,[4] a typical indemnification clause merely reimburses Defendant for the payment of any judgments and defense of suits, not from the suit itself.[5]  Additionally, a "hold harmless" clause is equated with indemnification.[6]  These concepts are distinct from a covenant or contract not to sue.  As the clause specifies an agreement to reimburse rather than to preclude actions in court, the indemnity clause cannot logically bar suit for this action.

### D. Negligence Claim

Plaintiff alleges that Defendant was negligent in performing its duties as a third-party inspecting agency under applicable law.  (Compl. 7-8.)  Defendant argues that Plaintiff's negligence claim cannot be sustained, because Plaintiff did not file an Affidavit of Merit as required under New Jersey law.  (Def.'s Reply Br. 4-6.)  *N.J.S.A. 2A:53A-26-27* requires that in

---

[3] Defendant's additional argument in support of its preclusion theory is equally unpersuasive. The fact that DeLuxe, not Defendant, is responsible for correcting any defects in the finished product does not bear on whether Plaintiff may bring this suit.  Plaintiff does not seek specific performance but rather monetary damages.  The language of the provision, as a whole, relates to DeLuxe's responsibility to indemnify Defendant.

[4] *See Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.*, 145 N.J. 345, 353-4 (1996).

[5] To "indemnify" means to reimburse or promise to reimburse another for a loss suffered.  *Black's Law Dictionary* 772 (7th ed. 1999).

[6] To "hold harmless" mean "to absolve another party from any responsibility for damage or other liability arising from the transaction; indemnify." *Black's Law Dictionary* 737 (7th ed. 1999).

any action for damages resulting from an "alleged act of malpractice or negligence by a licensed person in his profession or occupation," the plaintiff must provide the defendant an Affidavit of Merit from another licensed professional stating how the defendant deviated from the appropriate standard of care.  For the purposes of this statute, a "licensed person" is defined narrowly as certain listed professions including, but not limited to, an engineer.  *N.J.S.A. 2A:53A-26.*  Failure to meet this statutory requirement bars the cause of action, unless an exception applies.  *Id*.

The pertinent test under this statute is whether "the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession."  *Couri v. Gardner*, 173 N.J. 328, 340 (2002).  In practical terms, the Court will consider whether Plaintiff's negligence claim requires expert testimony from one of the listed professions at trial.

Plaintiff argues that no expert engineering testimony is required because the complaint does not allege a deviation from a professional engineering standard of care. (Pl.'s Sur-Reply Br. 2-8.)  Although Defendant employed an engineer to perform the inspections, as Defendant conceded at oral arguments, an engineer is not required under New Jersey law to perform the inspections.  Plaintiff, therefore, concludes that a finding of negligence in this case does not require evaluations of a professional engineering standard of care. (*Id*. at 7-8.)

Plaintiff's counsel represented during oral arguments that Plaintiff does not intend to call an expert at trial to establish a professional engineering standard of care.  Plaintiff, however, reserved the right to call experts whose professions fall outside the Affidavit of Merit provisions such as licensed building inspectors.  The Court is satisfied that Plaintiff's allegations, to the extent that they do not require proof of a deviation from a standard of care in one of the listed professions, do not require an Affidavit of Merit.[7]  Accordingly, at this stage, Defendant's motion for summary judgment with regards to Plaintiff's negligence claim is denied.  The Court, however, will entertain motions for sanctions should Plaintiff attempt to call an expert at trial attesting to a professional standard of care of a licensed person as defined in *N.J.S.A. 2A:53A-26*.

## III.   CONCLUSION

After consideration of the parties' submissions and oral arguments, the Court finds that there are genuine issues of material fact in dispute at this stage.  Accordingly, Defendant's motion for summary judgment is **DENIED**.

s/William J. Martini  
**William J. Martini, U.S.D.J.**

---

[7] The Court notes that there would be an additional ground to deny summary judgment as certain aspects of Plaintiff's negligence claim appear to fall within the common knowledge exception.